UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| TERRY SCOTT FLEMING, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 3: 09-35-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KENTUCKY STATE POLICE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of the motion to dismiss or, in the alternative, for summary judgment filed by Defendant Kentucky State Police (KSP), and the motion to remand filed by Plaintiffs Damon Fleming and Terry Scott Fleming. [Record Nos. 2 and 7] With respect to the federal claims asserted in this action, KSP argues that: (1) it has 11th Amendment immunity and (2) these claims are time-barred. KSP also contends that the state law claims are not viable and/or moot and that it has governmental immunity. [Record No. 2] Having considered the parties' respective positions, the Court will dismiss the federal claims and remand the state law claims to the Franklin Circuit Court.

**I.**

The Plaintiffs filed this action on July 31, 2009, in Franklin Circuit Court. [Record No. 1] KSP removed the case to this Court on August 21, 2009. *Id.* The complaint seeks damages under the first and fourteenth amendments of the United States Constitution, sections one through three of the Kentucky Constitution, and various Kentucky statutory provisions. *Id.* The

-1-

KSP is a Kentucky agency funded by appropriations from the General Assembly. [Record No. 2, p. 3] The Plaintiffs are or were employed by the KSP as arson investigators. *Id.* The complaint alleges that the KSP violated the Plaintiffs rights by hiring Mark Boaz as a KSP arson investigator at a higher salary based on his political affiliation. [Record No. 1]

## II.

### A.    Motion to Dismiss

Claims may be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Further, under Rule 12, a court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *See Ley v. Visteon Corp.*, 540 F.3d 376, 380 (6th Cir. 2008); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996). "Factual allegations contained in a complaint must raise a right to relief above the speculative level." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In other words, the plaintiff's arguments "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. However, heightened fact pleading of specifics is not required – only enough facts to state a claim to relief that is plausible on its face. *See Bassett*, 528 F.3d at 426. The Court may consider the complaint, as well as "any

-2-

exhibits attached thereto, public records, [and] items appearing in the record of the case." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted).

### B. Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).

The party seeking summary judgment bears the burden of showing conclusively that no genuine issue of material fact exists. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). Once a moving party has met its burden of production, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The nonmoving party cannot rely upon the assertions in its pleadings; rather, that party must come forward with probative evidence such as sworn affidavits, to support its claims. *Celotex*, 477 U.S. at 324. In making this determination, the

Court must review all the facts and the inferences drawn from those materials in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

In reviewing a party's motion for summary judgment, a court's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Barr*, 538 F.3d at 561 (*quoting Anderson*, 477 U.S. at 249). In doing so, all evidence must be viewed in the light most favorable to the nonmoving party. *Id*. However, a mere scintilla of evidence is insufficient defeat a motion for summary judgment. *In re Petty*, 538 F.3d 431, 439 (6th Cir. 2008). Rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Id*. Ultimately, the standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.

### III.

### A.    The Federal Claims

A state or its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (1978). When a suit is brought against a public agency or institution "the application of [immunity] turns on whether said agency or institution can be characterized as an arm or alter ego of the state, or whether it should be treated instead as a political

-4-

subdivision of the state." *Hutsell v. Sayre*, 5 F.3d 996, 1000 (6th Cir. 1993) (quoting *Hall v. Med. Coll. of Ohio at Toledo*, 742 F.2d 299, 301 (6th Cir. 1984)).   An agency only enjoys immunity if it is an arm of the state, not just a political subdivision.  *Id.*  This Court must first determine whether the KSP is an agency that qualifies for sovereign immunity.  Upon such a finding, the Court must then determine whether sovereign immunity has been waived or overridden by Congress.

The Sixth Circuit has identified four factors to be examined in determining whether an agency qualifies for sovereign immunity: (1) the potential liability of the State for any judgment against the entity; (2) the language used by state statutes and courts to refer to the entity, and the degree of state control and veto power over the entity's actions; (3) whether the board of the entity is appointed by state or local officials; and (4) whether the entity's functions fall within the traditional purview of state or local government.  *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005).  The KSP contends that it was statutorily created as a department within the Justice and Public Safety Cabinet and tasked with statewide law enforcement jurisdiction.  [Record No. 2, p. 3] It further asserts that its budget is funded by appropriations from the General Assembly.  *Id.*  In an unpublished case, the Sixth Circuit has held that the KSP is a state agency that is entitled to assert eleventh amendment sovereign immunity against claims for monetary and injunctive relief.  *Barnes v. Hamilton*, 946 F.2d 894 (Table), 1991 WL 203113, *2 (6th Cir. 1991) (unpublished).

Notwithstanding KSP's status as a state agency, the Plaintiffs assert that it has waived its immunity by removing the case to federal court.  In *Lapides v. Board of Regents of the Univ.*

*Sys. of Georgia*, 535 U.S. 613, 617 (2002), the Supreme Court addressed whether a State waives

its Eleventh Amendment immunity by removing an action to federal court.[1]  The Court reasoned

that:

> It would seem anomalous or inconsistent for a State both (1) to invoke federal
> jurisdiction, thereby contending that the "Judicial power of the United States"
> extends to the case at hand, and (2) to claim Eleventh Amendment immunity,
> thereby denying that the "Judicial power of the United States" extends to the case
> at hand.  And a Constitution that permitted States to follow their litigation
> interests by freely asserting both claims in the same case could generate seriously
> unfair results.  Thus, it is not surprising that more than a century ago this Court
> indicated that a State's voluntary appearance in federal court [as an intervenor]
> amounted to a waiver of its Eleventh Amendment immunity. . . .  And the Court
> has made clear in general that where a State voluntarily becomes a party to a
> cause and submits its rights for judicial determination, it will be bound thereby
> and cannot escape the result of its own voluntary act by invoking the prohibitions
> of the Eleventh Amendment. . . .  In this case, the State was brought involuntarily
> into the case as a defendant in the original state-court proceedings.  But the State
> then voluntarily agreed to remove the case to federal court.  In doing so, it
> voluntarily invoked the federal court's jurisdiction.  And unless we are to abandon
> the general principle just stated, or unless there is something special about
> removal or about this case, the general legal principle requiring waiver ought to
> apply.

*Id.* at 619-620 (citations omitted).  The Sixth Circuit "refused to extend [the holding in]

*Lapides* beyond the sovereign immunity context" and did not consider removal to federal court

a waiver to the defendant's right to arbitrate.  Likewise, in *Dantz v. American Apple Group,*

*LLC.*, 123 F. App'x 702, 706-707 (6th Cir. 2005), the Sixth Circuit distinguished *Lapides* by

pointing out that "[t]he difference in applicable law based on the choice of forum that potentially

existed in *Lapides* is not present here."  *Id.* at n.4.

---

[1]    The Court's holding was limited to the context of state law claims because the federal claims had
been dismissed.

The KSP counters that waiver is irrelevant because it is well-established that a State is not a person against whom a federal civil rights claim for monetary damages can be asserted. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989); *see also Lapides,* 535 U.S. at 617.  In fact, *Lapides* is again directly on point.

In *Lapides*, the Supreme Court dismissed the federal claim asserted in that action because it arose under 42 U.S.C. § 1983, the claim only sought monetary damages, and a State is not a "person" against whom a § 1983 claim for monetary damages might be asserted.  *Lapides,* 535 U.S. at 617 (*citing Will*, 491 U.S. 66).  Here, the Plaintiffs assert that "[t]his action is brought . . . seeking compensatory and punitive damages."  [Record No. 1, p. 7, ¶ 1]  Additionally, the count alleging a violation of the First and Fourteenth Amendments of the United States Constitution states that "the Plaintiffs are entitled to compensatory and punitive damages," while the other count states that it is a "Petition for Declaration of Rights." [Record No. 1, p. 11-12]

Curiously, the Plaintiffs do not assert that this is a claim arising under 42 U.S.C. § 1983. However, an individual cannot sue directly under the First or Fourteenth Amendments but may obtain redress for a violation of United States Constitutional rights under 42 U.S.C. § 1983.  *See Butz v. Economou*, 438 U.S. 478, 526 (1978) ("the Court has not held that the Constitution itself creates a private right of action for damages except when federal law enforcement officials arrest someone and search his premises in violation of the Fourth Amendment"); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("Title 42 U.S.C. § 1983 provides a cause of action against 'every person who, under color of any statute . . . of any State . . . subjects, or causes to be

subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'"); *see also Carey v.  Piphus*, 435 U.S. 247, 254-257 (1978) (the legislative history of § 1983 . . . demonstrates that it was intended to "[create] a species of tort liability" in favor of persons who are deprived of "rights, privileges, or immunities secured" to them by the Constitution") (citation omitted); *see also City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709 (1999) ("§ 1983 provides relief for invasions of rights protected under federal law").  Thus, this Court must assume the Plaintiffs are asserting claims under 42 U.S.C. § 1983.  Because this claim only seeks monetary damages, and because the KSP is an arm of the state, the claim is not viable and must be dismissed.[2]

Additionally, in *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179 (6th Cir. 1990), the Sixth Circuit applied a one-year statute of limitations to federal constitutional claims.  Here, the events surrounding this claim allegedly occurred in 2004. [Record No. 1]  The Kentucky Personnel Board entered its final order denying Plaintiffs claims on October 16, 2007.  [Record No. 2, p. 11-12] However, the Plaintiffs did not file their complaint until August 6, 2009. [Record No. 1] Therefore, the one-year statute of limitations provides an alternative ground for dismissing Plaintiffs' federal claims.

### B.     State Law Claims

Plaintiffs move to remand the remaining claims to the Franklin Circuit Court.  Pursuant to 28 U.S.C. § 1367(c)(3), this Court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which is had original jurisdiction.  28 U.S.C. § 1367(c)(3) (2010).

---

[2]      Plaintiffs' argument that the KSP has waived its immunity does not alter this result.

Here, because all federal claims are dismissed, the Court finds remand of the remaining state law claims to be appropriate.

**IV.**

For the reasons discussed above, the Plaintiffs may not assert federal claims against KSP. Accordingly, it is hereby

**ORDERED** as follows:

1.     Defendant Kentucky State Police's motion to dismiss, or in the alternative, for summary judgment [Record No. 2] is **GRANTED** with respect to the federal claims asserted by Plaintiffs Terry Scott Fleming and Damon Fleming;

2.     The federal claims asserted in this action by Plaintiffs Terry Scott Fleming and Damon Fleming are **DISMISSED**, with prejudice;

3.     The Plaintiffs' motion to remand [Record No. 7] is **GRANTED**;

4.     The remaining state law claims asserted by the Plaintiffs are remanded to the Franklin Circuit Court for further proceedings.

This 5th day of March, 2010.



Signed By:

*Danny C. Reeves* DCR

United States District Judge